979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amos PIPPIN, Manuel Martinez, Robert Stowe, Joseph
Tarantino, Jock Wong, Plaintiffs-Appellees,
v.
RCA GLOBAL COMMUNICATIONS, a Delaware Corporation; MCI
International, Inc., Defendants-Appellants.
 Nos. 91-16269, 91-16282.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 20, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are required to review the case that was before the trial court--not the case that might have been before the court.
 
 
 3
 It is not disputed that plaintiffs would have qualified for benefits under RCAG's severance benefits plan had they been discharged twenty-four hours before they were. They argue that they were employees of MCI for twenty-four hours and therefore qualified for, and were entitled to MCI's severance benefits plan. They also argue that the fact that they had rights under RCAG's severance benefits plan entitled them to those severance benefits in addition to the MCI severance benefits because they were discharged by RCAG prior to their employment by MCI. They argue that the purported transfer from one entity to the other was a sham.
 
 
 4
 We look first to the Code to determine whether their claim of denial of benefits violated 29 U.S.C. §§ 1132(a) and 1140 (1985). Section 1140 provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the [benefits] plan...." Id.
 
 
 5
 The plaintiffs acknowledged at oral argument that there was no § 1140 violation. Section 1140 requires a finding of specific intent. No factual determination could properly be made on the motion for summary judgment.
 
 
 6
 We are left with the alleged violation of § 1132(a). Section 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan...." Id. The defect in plaintiffs' argument is the absence of a triggering event.
 
 
 7
 Plaintiffs were entitled to severance benefits under the MCI severance benefits plan. They have been paid in full.
 
 
 8
 Since as a matter of law, plaintiffs failed to demonstrate an 1132(a) violation, summary judgment should have been granted to the defendants.
 
 
 9
 Summary judgment for the plaintiffs is reversed. Summary judgment is entered for the defendants.
 
 
 10
 Each side shall pay its own costs and fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3